**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**M.S. WHOLESALE PLUMBING, INC., Individually, and on behalf of a class of all others similarly situated** — **PLAINTIFFS**

**VS.** — **Case No. 4-07 CV00000730 SWW**

**UNIVERSITY SPORTS PUBLICATIONS CO., INC.** — **DEFENDANT**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Defendant University Sports Publications Co., Inc. ("USP"), respectfully submits this brief in support of its Motion for a Protective Order pursuant Rule 26(c) of the Federal Rules of Civil Procedure. By this motion, USP is asking the Court to stay discovery pending a decision on the motion to dismiss currently before the Court, or if discovery is permitted to proceed, limit the topics of that discovery to the transactions between plaintiff M.S. Wholesale Plumbing, Inc. ("MS Wholesale") and USP.

USP submits this motion in connection with the joint Rule 26(f) report filed Tuesday, December 4, 2007 by the parties. At the Rule 26(f) conference, the parties were unable to reach agreement on whether discovery in this action should proceed and what form any discovery should take. Nevertheless, shortly after that conference, MS Wholesale served a host of discovery requests on USP and five third party entities. As this Court is aware, the dispute at issue between USP and MS Wholesale relates to an advertisement purchased three years ago for $495. Only a tiny fraction of the requested information relates to the transaction between USP and MS Wholesale identified in the complaint. Instead, MS Wholesale seeks discovery of

virtually every advertising sale made by USP across hundreds of publications. MS Wholesale is also seeking to extract information from third parties that had no connection whatsoever to the publication at issue in the Complaint.

MS Wholesale's discovery requests will require the defendant (and third parties with whom it transacts business) to bear the massive cost of defending a class action that seeks to encompass virtually every transaction USP has conducted during the proposed class period. Plaintiff seeks to impose these costs without providing the Court even a preliminary opportunity to assess whether the claims at issue are capable of common proof, much less whether the proposed plaintiff is an adequate class representative. In other words, Plaintiff proposes that it be allowed to conduct a fishing expedition through all of USP's files before there is any assessment of whether a class claim is proper. It is inappropriate to impose these kinds of burdens where the Court is considering a motion to dismiss that addresses not just the pleading failures in the Complaint, but the question of whether Plaintiff is entitled to maintain its own claim or represent a class of plaintiffs. It is likewise inappropriate to impose these costs without allowing for a hearing on class certification "at an early practicable time" as required under the Federal Rules of Civil Procedure

**BACKGROUND**

On August 21, 2007, MS Wholesale filed a purported class action complaint against USP. *See* Docket No. 1. About three weeks later, on September 14, 2007, before USP responded to the Complaint and before the parties conferred pursuant to Rule 26(f), MS Wholesale sent USP a six-page letter stating its intent to seek nationwide discovery and instructing USP to preserve all documents that "may relate to USP's business practices." *See* Exhibit A. On October 2, 2007,

USP filed a motion to dismiss for failure to state a claim. *See* Docket No. 15. That motion, which is dispositive of both the lawsuit and of the class action claims, is still pending before the Court.

In compliance with Rule 26(f), the parties met and conferred regarding discovery and other issues on November 13, 2007. At that time, USP proposed that discovery be stayed pending a decision on its motion to dismiss. In addition, USP suggested proceeding with discovery in three stages: First, discovery related to MS Wholesale and its claims, in particular the issue of whether MS Wholesale reasonably relied on the representations alleged in the Complaint. Second, limited discovery on the question of whether the claims alleged in the Complaint are amenable to common proof and hence suitable for class treatment. And finally, if a class was certified, merits discovery on all class claims. MS Wholesale refused to agree to stay or limit discovery while the motion to dismiss is pending. MS Wholesale also proposed completing virtually all discovery before a hearing was held on class certification in the Summer of 2008. Unable to reach an agreement on a discovery schedule, the parties filed a joint report explaining their competing positions. *See* Docket No. 23.

On Friday, November 16, 2007, three days after the Rule 26(f) conference concluded but before the parties exchanged initial disclosures or finalized a discovery plan – and with the motion to dismiss still pending – MS Wholesale sent USP twenty-three document requests covering virtually every document relating to USP's advertising sales and contracts with hundreds of universities. *See* Exhibit B. For example, Request Number 3 seeks: "Any and all contracts, agreements, or correspondence with any school that references or otherwise relates to the sale of advertising by USP." Request Number 5 seeks all "written documents that solicit,

attempt to solicit, confirm or attempt to confirm the sale of advertising" in any publication relating to a university. In addition to these sweeping requests, MS Wholesale also asks for all correspondence with ten different entities, copies of all ads placed by USP for an indeterminate period of time, and five years worth of tax returns. Only one request relates to USP's contact with MS Wholesale.

On November 21, 2007, MS Wholesale submitted equally extensive interrogatories seeking detailed information on every individual that purchased an advertisement through USP, every university "referenced" by USP in its sales materials, and every payment USP has made to each "referenced" university over an indefinite period of time. *See* Exhibit C.

In addition to the discovery served on USP, on November 16, 2007, MS Wholesale also served discovery on five additional entities, seeking essentially all documents relating to any relationship with USP. *See* Exhibits D through H. None of the requests relate to the relationship between USP and MS Wholesale or Arkansas Tech University ("Arkansas Tech"). For example, MS Wholesale issued a document subpoena to University Directories, LLC ("UDI") seeking all documents and communications with USP. *See* Exhibit E. UDI is a publisher of university telephone directories. As its own materials indicate, UDI subcontracts with USP to sell advertising to "companies that are not necessarily interested in targeting students with their ads but still want to support the school." *See* Exhibit I. The documents requested in the UDI subpoena bear no relation to the transaction between MS Wholesale and USP.

**ARGUMENT**

Because of the potential for pretrial discovery abuse, district courts have broad discretion to determine when a protective order is appropriate. *Misc. Docket Matter No. 1 v. Misc. Docket*

*Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999). The Eighth Circuit favors staying discovery while a dispositive motion is pending. *Silver v. H&R Block, Inc.*, 105 F.3d 394, 395 (8th Cir. 1997) (parties agreed to a stay of discovery while the motion to dismiss was pending); *Maune v. Int'l Brotherhood of Electrical Workers, Local # 1, Health and Welfare Fund*, 83 F.3d 959, 963 (8th Cir. 1996) (affirming stay of discovery pending a motion for summary judgment).

Rule 26(c) provides that "for good cause shown," the Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c) The Court may also control the timing and sequence of discovery pursuant to Rule 26(d). *See* Fed. R. Civ. P. 26(d). Good cause under Rule 26(c) "requires a showing of facts militating in favor of a stay." *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted). Thus, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (*quoting Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)); *see also* Moore's Federal Practice § 26.105[3][c]. Other factors considered are the breadth of discovery, the burden of responding to it, and the unfair prejudice to the party opposing the stay. *Id.*

Here, plaintiff has filed a dispositive motion that is not without a foundation in law. That motion challenges both Plaintiff's substantive claim and the legal basis for claiming a class action. Given the scope of the proposed discovery and the burden posed by responding to it, a stay of discovery is appropriate. Alternatively, if discovery were allowed to proceed, discovery

should initially be limited to the transaction between USP and MS Wholesale so as to allow the parties and the Court to determine whether Plaintiff in fact has an actionable claim against USP and whether it's claims are appropriate for class treatment.

**1. A Stay of Discovery is Appropriate Because USP's Pending Motion is Dispositive and Not Without Foundation.**

Currently pending before the Court is a USP's dispositive motion to dismiss. That motion is not limited to the insufficiency of the pleadings in the Complaint, but also addresses the fact that, even accepting the allegations in the Complaint as true, there is no actionable claim against USP. In particular, Plaintiff's own admissions establish that there was no reasonable reliance on the purported misstatements made by USP. *See* Docket No. 16 at 9-12. To the contrary, Plaintiff has admitted that it expressly did not believe the representations it now claims were false. *See id.* at 11-12. These failures are not mere pleading errors. Rather they relate to whether MS Wholesale was in fact deceived. In addition, the briefing on USP's motion to dismiss has highlighted a number of threshold legal issues that should be decided before allowing discovery to proceed:

- Whether, under established precedent from the Arkansas Supreme Court, MS Wholesale suffered a compensable injury under the Deceptive Trade Practices Act. *See* Docket No. 16 at 12-13.

- A question of first impression as to whether there is a private right of action under the Telephonic Sellers Act and the School Calendar Act, a dispute which led the Arkansas State Attorney General to seek leave to file an amicus brief. *See* Docket No. 16 at 7 n.4; Docket No. 19, Exhibit 1 at 8-9; Docket No. 22.

- Whether MS Wholesale has standing to bring a quasi-contractual claim. *See* Docket No. 16 at 14-15; Docket No. 19, Exhibit 1 at 10.

- Whether the claims alleged in the Complaint are legally sufficient to support a class action. *See* Docket No. 16 at 16-21.

Resolution of these issues will either dispose entirely of this action or, at the very least significantly narrow and focus the scope of discovery. Indeed, the "most effective way of insuring that discovery in this matter proceeds in an orderly and efficient fashion is to await final disposition of the pending dismissal motion so that the issues in this case may be properly framed." *McFadden v. Goord*, 2005 U.S. Dist. LEXIS 41328, *29-30 (N.D.N.Y. Aug. 31, 2005) (staying discovery pursuant to Rule 26(c) pending a ruling on the defendant's motion to dismiss).

In addition, there is a significant cost and burden to USP and the third party entities subpoenaed by MS Wholesale if discovery is allowed to proceed while the motion to dismiss is pending. There is no corresponding harm to the Plaintiff if discovery is delayed. If discovery proceeds, USP will incur tremendous costs and burdens. MS Wholesale has already sought massive amounts of discovery from USP regarding virtually every advertisement sold by USP. *See* Exhibits B and C. This anticipates an extensive amount of electronic data, including inspection of computer hard drives. *See* Exhibit A. Compliance with these requests necessitates substantial costs and disruption of USP's business. Likewise, allowing discovery to proceed will impose significant costs on third parties like UDI that may not even be involved in this litigation depending on the outcome of the motion to dismiss. If the motion to dismiss is granted in its entirety, the need for any discovery is eliminated. If the motion to dismiss is granted in part as to MS Wholesales purported class claims, it would eliminate the vast majority of discovery (including the third party discovery issued thus far) and lead to a significantly expedited discovery schedule. *See Chesney*, 236 F.R.D. at 115 ("Even in the event that only some of the causes are dismissed-and some but not all of the defendants are dismissed from this action-by staying discovery now it will serve to substantially reduce the economic burden of full party

discovery.")

Conversely, no harm will accrue to MS Wholesale by a delay in discovery. As a preliminary matter, USP's proposed discovery schedule does not entail a change in the final trial date for this action which remains October 6, 2008. *See* Docket No. 23. Nor does MS Wholesale face an immediate threat to its business; its only claim is that it deserves compensation for an invoice that was paid in 2004. *See generally McCabe v. Foley*, 233 F.R.D. 683 (M.D. Fla. 2006) (Finding that "the Court does not agree that Plaintiff will be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided."). Allowing discovery to proceed would simply – and improperly – allow Plaintiff to conduct a fishing expedition through all of USP's files. *See Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 2003 WL 21356403, *1 (N.D. Tex. 2003) (Issuing a protective order staying discovery pending a decision on a motion to dismiss because "[a]llowing plaintiff to proceed with its broad discovery request would enable plaintiff to engage in a 'fishing expedition.'")

**2. If Discovery Is Allowed to Proceed It Should Be Limited to the Transaction Between USP and MS Wholesale**

Even if the Court were to allow discovery to proceed, it should be limited to transaction between USP and MS Wholesale rather than the breadth of USP's business. Discovery as to the single transaction at issue between USP and MS Wholesale will allow an early assessment by the Court as to whether MS Wholesale: (a) has a meritorious claim against USP; (b) has a claim that is appropriate for class certification; and (c) is an appropriate class representative. More importantly, this discovery will be limited and could quickly resolve some or all of the claims at issue in this action without imposing undue burden on Defendant or other third parties.

As observers have noted, courts "often bifurcate discovery between certification issues

and those related to the merits of the discovery," as a way of avoiding "extraordinary and unnecessary expense and burden." Manual for Complex Litigation §21.14; *see also* 3 Newberg on Class Actions, § 9.44 ("In a class action for damages, discovery concerning transactions of class members that will form the basis for collective claims for damages may become unnecessary if class status is denied. Thus, with respect to this area of discovery, . . . the courts have found it appropriate to defer such discovery pending the initial class determination.")

Here the threshold issues relating to MS Wholesale's claims will obviate the need for time-consuming and burdensome discovery into literally thousands of transactions. As a preliminary matter, MS Wholesale has conceded that it knew about USP's business and relationship with Arkansas Tech before it submitted payment to USP, which precludes any reliance on the allegedly misleading statements identified in the Complaint. *See* Docket No. 16 at 3-4, 11. In addition, the question of whether USP was operating pursuant to an agreement with Arkansas Tech authorizing it to sell advertising on behalf of the University would dispose of MS Wholesale's misrepresentation claim.

In fact, the limited discovery proposed will establish not only the fact that USP was operating pursuant to a contract with Arkansas Tech (*see* Exhibit J) but that USP forwarded a letter to MS Wholesale from the Sports Information Director at Arkansas Tech explicitly stating that USP was "selling advertising on our behalf in connection with the official Arkansas Tech University football program." *See* Exhibit K. Discovery will also establish that USP in fact paid Arkansas Tech $1,000 in 2004 in accordance with its agreement with the University. *See* Exhibit L. These facts eviscerate MS Wholesale's individual claims and further establish that there is no practicable way to litigate over every advertisement USP has sold without delving into the

specifics of each transaction, including USP's contract with each university. Given these threshold issues it would be entirely appropriate for this Court to bifurcate discovery and allow investigation into the more narrow question of MS Wholesale's individual claims.

Indeed, that is precisely what another court in the Eighth Circuit did in *Larson v. Burlington Northern & Santa Fe Railway Co.*, 210 F.R.D. 663 (D. Minn. 2002). The claims in *Larson* involved an alleged "company-wide scheme" to fraudulently settle an estimated 8,100 claims for hearing loss. The plaintiffs alleged that the defendant utilized a common scheme to discourage class members from retaining counsel in considering their settlement offers. *Id.* at 666. Specifically, they claimed that three agents used a standardized chart, graph or formula to convince class members that their settlement amounts would not increase if they retained an attorney. *Id.*

The court in *Larson* decided to bifurcate and allow discovery as to the claims of the named individual plaintiffs to proceed before allowing class-wide discovery. The court determined that "the mandate of Rule 1, Federal Rules of Civil Procedure, is best implemented by bifurcated discovery – that is, by completing discovery as to the claims of the four named-Plaintiffs, prior to extensive discovery on the merits of the 'class claims.'" *Id.* at 665. Among other things, the court considered the relative burden that would imposed based on class-wide discovery and the fact that, while casting "no projections as to the potential success of a certification Motion, the claim alleged by the Plaintiffs is potentially fraught with factual distinctions which could render certification problematic." *Id.* at 666.

So too here, the claims alleged by MS Wholesale are fraught with distinctions as to the specific sales pitch to each potential class member, each class member's reliance or lack thereof,

and the relationship between USP and the university at issue, not to mention the legal distinctions between the deceptive trade practice statutes of 50 different states. *See* Docket No. 16 at 17-21. All told the myriad distinctions between the proposed class members suggest that the alleged claims "do not easily lend themselves to classwide litigation." *Larson,* 210 F.R.D. at 666. Therefore, before allowing MS Wholesale to undertake costly discovery into all of USP's advertising sales, the Court should instead allow only narrow discovery into the single transaction at issue in the Complaint.

## CONCLUSION

For these reasons, USP respectfully requests that the Court grant a protective order staying discovery while the motion to dismiss is pending or alternatively, limit the topic of any preliminary discovery to the transactions identified in the Complaint between MS Wholesale and USP.

Respectfully submitted,

H. WILLIAM ALLEN (ABN 69001)
CHRISTIAN HARRIS (ABN 2002207)
KEVIN M. LEMLEY (ABN 2005034)
ALLEN LAW FIRM
A Professional Corporation
212 Center Street, 9thFloor
Little Rock, AR 72201
(501) 374-7100

By: /s/ H. William Allen
H. William Allen

By: /s/ Christian Harris
Christian Harris

By: /s/ Kevin M. Lemley
Kevin M. Lemley

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of December, 2007, I electronically filed the foregoing Brief in Support of Defendant's Motion for Protective Order with the Clerk of the Court using the CM/ECF System, which will send immediate notification of such filing to the following other counsel:

Alex G. Streett
alex@streettlaw.com
James A. Street
james@streettlaw.com
Streett Law Firm, P.A.
107 West Main
Russellville, AR 72811

William N. Riley
wriley@price-law.com
Joseph N. Williams
jwilliams@price-law.com
301 Massachusetts Avenue
Indianapolis, Indiana 46204

/s/ H. William Allen
H. William Allen