IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| M.S. WHOLESALE PLUMBING, INC., individually and on behalf of a class of all others similarly situated, | * * * * * | |
| Plaintiff | * * | NO: 4:07CV00730 SWW |
| VS. | * * | |
| UNIVERSITY SPORTS PUBLICATIONS CO., INC. | * * * | |
| Defendant | * * * | |

## ORDER

Before the Court is a motion for voluntary dismissal by Plaintiff M.S. Wholesale Plumbing, Inc. ("M.S.") (docket entry #83), a response in opposition by Defendant University Sports Publications Company, Inc. ("USP") (docket entry #86), and a reply by M.S. (docket entry #90). Additionally, as requested by the Court, the parties have filed briefs on the issue of subject matter jurisdiction (docket entries #99, #100). After careful consideration, and for the reasons that follow, this case will be dismissed without prejudice for lack of subject matter jurisdiction, and M.S.'s motion for voluntary dismissal will be denied as moot.

I.

M.S. commenced this case as a putative class action pursuant to the Court's diversity

jurisdiction under the Class Action Fairness Act ("CAFA").  CAFA, codified at 28 U.S.C. § 1332 et seq., expands the subject matter jurisdiction of federal courts over class actions where there is minimal diversity and the amount in controversy exceeds $5,000,000.[1]

By order entered May 22, 2008, the Court granted USP's motion to strike the class allegations on the ground that M.S. could not meet the predominance requirement under Federal Rule of Civil Procedure 23(b)(3).  As a result of that ruling, M.S. filed an amended complaint that eliminated all putative class claims.

On July 7, 2008, a nonparty to this case who is represented by the same counsel representing M.S. in this case filed a putative class action in state court against USP.  USP removed the state action to this federal court, and the case was assigned to United States District Judge William R. Wilson.  *See Controlled Environmental Solutions, Inc. V. University Sports Publications Company, Inc.,* No. 4-08CV00652 WRW (E.D. Ark.).  Judge Wilson remanded the case to state court, finding that USP failed to establish that the amount in controversy satisfied jurisdictional requirements.  *Id*., docket entry #17.

On September 16, 2008,  M.S. moved to voluntarily dismiss the remaining claims in this case, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  M.S. states that it seeks dismissal as a matter of judicial efficiency and economy.  According to MS, the value of its remaining, individual claim is far less than the jurisdictional minimum required for diversity jurisdiction, and it can pursue claims as a putative class member in the aforementioned state

---

[1] As amended, § 1332(d) provides that the United States District Courts have original jurisdiction over any class action in which: (1) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; (2) at least one member of the plaintiff class is a citizen of a State different from any defendant; and (3) the number of members of the putative class is not less than 100.

court action against USP.  MS states: "Without waiving its right to be encompassed as a potential putative class member in the Arkansas state-wide litigation, MSW states that it will not re-file its individual claims." Docket entry #86, ¶ 4.

USP contends that M.S.'s motion for voluntary dismissal is an attempt to avoid the impact of the Court's decision striking the class allegations and that the pending state court action is "an egregious example of forum shopping." Docket entry #86, at 1.  USP asserts that it is entitled to certain conditions upon dismissal--specifically, attorney fees incurred in defending this action and an injunction prohibiting relitigation of the class action allegations stricken in this case.

Although M.S. acknowledges that the amount in controversy with respect to its remaining claim is less than the jurisdictional minium applicable to non-class action diversity cases, neither party questioned whether the Court lost subject matter jurisdiction upon the decision to strike the putative class claims.  Because the Court may not proceed at all in this case unless it has subject matter jurisdiction, *see Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001), the Court requested that the parties submit briefs on this threshold issue, and the parties complied.

## II.

M.S. takes the position that once the Court struck the class allegations in this case, it lost subject matter jurisdiction.  USP, on the other hand, asserts that the Court retained jurisdiction pursuant to the Supreme Court's "time-of-filing" rule set forth in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586 (1938).

The Court disagrees that the rule set forth in *St. Paul* is applicable here.  In *St. Paul*, after

the defendant properly removed a traditional diversity case to federal court, the plaintiff reduced the damages claimed to an amount below the jurisdictional requirement.  The district court remanded for lack of jurisdiction, and the Supreme Court reversed, holding that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's [diversity] jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 592 (1938).   The Court's decision was influenced by forum manipulation concerns and the principle that a plaintiff should not be permitted to defeat a defendant's right to removal and bring a case back to state court at his election.  *See id.*, 303 U.S. at 293-94, 58 S. Ct. at 593.   In this case, the question of subject matter jurisdiction did not arise because of a change in the amount in controversy, the citizenship of the parties, or any event within the parties' control.  The question arose because the Court determined that this case does not qualify for class action treatment.

     USP argues that CAFA's legislative history supports the view that federal courts retain jurisdiction under the Act even if class certification is denied.  However, the legislative history cited by USP merely restates the rule in *St. Paul*--that events affecting diversity and amount in controversy requirements that occur after a case  arrives in federal court do not destroy federal subject matter jurisdiction.   *See* S. Comm. on Judiciary, Class Action Fairness Act of 2005, S. Rep. 109-14, at 71 (2005), *reprinted in* 2005 U.S.C.C.A.N. 66.   USP provides no evidence that Congress intended to grant federal subject matter jurisdiction under CAFA in cases where class action treatment is denied.

     "If the plain language of the statute is unambiguous, that language is conclusive absent clear legislative intent to the contrary.  Therefore, if the intent of Congress can be clearly

discerned from the statute's language, the judicial inquiry must end." *Lee v. Ernst & Young*, LLP 294 F.3d 969, 976 (8th Cir. 2002)(quoting *Dowd v. United Steelworkers*, 253 F.3d 1093, 1099 (8th Cir.2001)). The plain language of CAFA convinces the Court that it lacks subject matter jurisdiction in this case. CAFA's specific grant of subject matter jurisdiction applies to "any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). A "class certification order" under CAFA is defined as "an order issued by a court *approving* the treatment of some or all aspects if a civil litigation as a class action." 28 U.S.C. § 1332(d)(1)(C)(emphasis added). Because there has never been and never will be a "class certification order" entered in this case, the Court finds that it lacks subject matter jurisdiction under CAFA. There being no other basis for the Court's subject matter jurisdiction, this case must be dismissed without prejudice.

### III.

For the reasons stated, pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE. It is further ordered that Plaintiff's motion for voluntary dismissal (docket entry #83) is DENIED AS MOOT.

IT IS SO ORDERED THIS 10TH DAY OF DECEMBER, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE